# JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ICON CLINICAL RESEARCH LLC, | Case No. 8:23-cv-01838-FWS-JDE |
| Plaintiff, | |
| v. | |
| | **CONSENT JUDGMENT** |
| ATELLA CLINICAL RESEARCH LLC; TRIO CLINICAL TRIALS LLC; RENE UONG; RAFAELITO VICTORIA; and INDIRA MOHABIR, | |
| Defendants. | |

Plaintiff Icon Clinical Research LLC, and Defendants Atella Clinical Research LLC, Defendant Trio Clinical Trials LLC, Defendant Rene Uong, Defendant Rafaelito Victoria, and Defendant Indira Mohabir (collectively, the "Parties") hereby consent to entry of this judgment based on the following uncontested allegations:

///

///

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.  This Court has personal jurisdiction over the Parties hereto for purposes of the above-captioned matter.

3.  On June 6, 2024, the Parties entered into a Settlement Agreement for purposes of resolving the above-captioned case.   A copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

4.  Under the terms of the Settlement Agreement, the Defendants agreed to pay Plaintiff a total of one million, one hundred and fifty thousand dollars (($1,150,000.00) plus interest (the entire amount of which is the "Settlement Amount") in installment payments as set forth in the Settlement Agreement.

5.  Under the terms of the Settlement Agreement, the Defendants agreed that in the event that they defaulted and failed to pay any one of the Settlement Amount Payments as set forth in the Settlement Agreement on or before the day any one is due, and further failed to cure such default within five (5) business days, Plaintiff may file a Consent Judgment against the Defendants in the amount of $1,150,000.00 plus the interest accruing pursuant to the Settlement Agreement, minus payments already made under the Settlement Agreement.

6.  Defendants failed to make the Settlement Amount Payment or Payments set forth in the Settlement Agreement on Paragraph(s)1(d) and 2(a), and therefore, Defendants are in default under the terms of the Settlement Agreement.

7.  Accordingly, this Court enters judgment for Plaintiff against Defendants in the amount of $1,150,000.00, less any amounts previously paid by Defendants, plus interest having accrued to date pursuant to the Settlement Agreement, which amount totals **$590,639.89**, plus interest in the rate of ten percent

///

///

///

(10%) per annum pursuant to Cal. Civ. Proc. Code § 685.010, compounded daily from the date hereof until this Consent Judgment is satisfied, for which let execution issue forthwith.

IT IS SO STIPULATED, through Counsel of Record.

**IT IS SO ORDERED.**

Dated:  March 17, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This confidential Settlement Agreement and Release (the "Agreement") is entered into by and between ICON Clinical Research LLC ("ICON") and Atella Clinical Research LLC ("Atella"), Trio Clinical Trials LLC d/b/a Trio Clinical Research Networks ("Trio"), Rene E. Uong ("Uong"), Rafaelito S. Victoria ("Victoria"), and Indira R. Mohabir ("Mohabir;" together with Atella, Trio, Uong, Victoria, "Defendants"). Defendants and ICON are collectively referred to herein as "the Parties."

### WITNESSETH

WHEREAS, on or about May 25, 2022, ICON entered into a Clinical Trial Agreement with Atella, by and through Uong, and Victoria, as Atella's Principal Investigator, for Atella to serve as one of the clinical trial sites for a respiratory syncytial virus ("RSV") clinical study sponsored by Bavarian Nordic A/S (the "Clinical Study").

WHEREAS, on September 29, 2023, ICON filed suit as case number 8:23-cv-01838 in the United States District Court for the Central District of California against Atella, Trio, Uong, Victoria, and Mohabir relating to the Clinical Study (the "Lawsuit").

WHEREAS, ICON filed a First Amended Complaint on November 2, 2023, and Atella filed a First Counterclaim on or about January 19, 2024.

WHEREAS, the Parties desire in good faith to fully and finally resolve all differences between them which have arisen, or may arise, including but not limited to any claims arising out of the Lawsuit.

WHEREAS, on May 15, 2024, the Parties mediated the Lawsuit and reached a binding and enforceable Mediation Settlement Agreement, which they incorporate here by reference.

THEREFORE, in consideration of the mutual covenants and other consideration recited in this Agreement, the Parties hereby covenant and agree as follows:

### 1.    Payment of the Settlement Amount:

As a compromise settlement the Undersigned Defendants agree to pay the Plaintiff the total sum of **One Million, One Hundred and Fifty Thousand Dollars ($1,150,000.00)**, plus applicable interest as set forth below (the entire amount of which is the "Settlement Amount"). Defendants shall make **fifteen** payments, which combined total the Settlement Amount of (each a "Settlement Amount Payment" and collectively, the "Settlement Amount Payments"), plus interest at a rate of 7.5% per annum from June 28, 2024, as set forth below by electronic funds transfer pursuant to written instructions to be provided by Plaintiff.

        a.  Full payment of the Settlement Amount will occur no later than **August 28, 2025**. Interest shall accrue at the rate of seven and a half (7.5) percent per annum on the unpaid amount of the Settlement Amount.

b. <u>First Payment</u>:  Defendants shall make a payment of **Three Hundred and Fifty Thousand Dollars ($350,000.00)** no later than June 28, 2024.

c. <u>Second Payment</u>:  Defendants shall then make a payment of **Seventy Thousand Dollars ($70,000.00) plus interest,** no later than July 28, 2024.

d. <u>Third Through Fifteenth Payment</u>: Defendants shall then make equal payments on the 28th of each month thereafter the Second Payment of **Fifty-Six Thousand and One Hundred and Fifty-Three Dollars and eighty-five cents ($56,153.85) plus interest**, with the Fifteenth and Final Payment due no later than August 28, 2025.

e. <u>Early Payment</u>: If Defendants pay the full Settlement Amount on or before December 15, 2024, Plaintiff will reimburse Defendants for data storage costs related to the Clinical Study at the amount of $400 per month from January 2025 through July 2025.  There shall be no prepayment penalty and Defendants have the right to accelerate payments at any time without accruing further interest.

f. A Schedule of Estimated Payments with interest calculated based on payments being made on their due date is attached hereto as **Exhibit B**.

2.    **Event of Default:**  If Defendants fail to pay any Settlement Amount Payment on or before the date on which such Settlement Amount Payment is due, Defendants shall be in default of their payment obligations ("Payment Default") with respect to the particular Settlement Amount Payment(s) then owed.  Defendants shall have one (1) business day from the due date of the payment to notify Defendants' counsel and then another four (4) business days for Defendants to cure the Payment Default.  If Defendants fail to cure such Payment Default within this time period, there shall be an event of default ("Event of Default").

a. In the Event of Default, Defendants shall immediately pay to Plaintiff, and shall not contest, a surcharge of ten percent (10%) of the amount of the specific defaulted Settlement Amount payment then owed.

b. If an Event of Default occurs, Plaintiff shall also have the right to demand immediate payment of the full, cumulative Settlement Amount still owed, and interest shall accrue at the rate of seven and a half (7.5%) per annum compounded daily from the Payment Default date on the unpaid amounts of the specific Settlement Payment Amount(s) (principal and interest) in Default, until the date of payment in full of the amount.

c. Upon an Event of Default, Plaintiff may pursue any and all actions to enforce its rights as it may choose, including, without limitation, entry of the Consent Judgment attached as **Exhibit A**, or continuation or re-filing of the Lawsuit giving rise to this mediation for the full $3,439,821.00 demanded therein.

d. Defendants agree to and will not dispute the retention of jurisdiction by the United States District Court for the Central District of California relating to any claims

arising under the Mediation Settlement Agreement and/or this Settlement Agreement.

**3.    Release of Claims:** In consideration of Defendants completing Payment of the Settlement Amount, in addition to the other provisions of this Agreement and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree to the following Mutual Releases:

a. ICON Release of Defendants. ICON and its respective officers, directors, employees and agents, for themselves and their successors and assigns, hereby release, acquit and forever discharge Defendants and their successors, predecessors, assigns, officers, insurers, shareholders, directors, employees, heirs, spouses, estate managers, executors, and agents from all claims, liabilities, demands, damages, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, fixed or contingent, that were raised or could have been raised in or in connection with, or arose out of, the Clinical Study, with the exception of the right to enforce this Agreement ("**Defendants' Released Claims**"; collectively with ICON's Released Claims, "**Released Claims**")

b. Defendants' Release of ICON. Defendants and their respective officers, directors, employees and agents, for themselves and their successors and assigns, hereby release, acquit and forever discharge ICON, any parent, subsidiary, affiliate, successor, predecessor, or otherwise related companies, and their respective officers, directors, employees and agents, for themselves and their successors and assigns,  from all claims, liabilities, demands, damages, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, fixed or contingent, that were raised or could have been raised in or in connection with, or arose out of, the Clinical Study, with the exception of the right to enforce this Agreement ("**Defendants' Released Claims**"; collectively with ICON's Released Claims, "**Released Claims**")

c. Acknowledgement. The Parties acknowledge that they are familiar with California Civil Code Section 1542 and that they hereby expressly waive the protection of that section, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

The Parties waive and relinquish any right or benefit which they have or may have under California Civil Code Section 1542, and any similar law of any state or territory of the United States. That is, the Parties may not invoke the benefits of California Civil Code Section 1542, or any such similar law, in order to prosecute any claims released hereunder.  In connection with such waiver and agreement, the Parties acknowledge that they are aware that they or their attorney may hereafter discover claims or facts or legal theories in addition to or different from those which they

know or believe to exist with respect to the subject litigation, but that it is the intention hereby to fully, finally and forever settle and release all of the claims, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed between the Parties by reason of any acts, circumstances, facts, events or transactions occurring before the date of this Agreement. In furtherance of such intention, the releases herein given shall be and remain in effect as a full and complete general release, notwithstanding the discovery or existence of any such additional claims, facts, or legal theories.

4.    **Dismissal**:  Within twenty (20) business days of this Agreement, Atella will file a dismissal with prejudice of its Counterclaim against ICON, and the Parties will jointly move the Court to stay ICON's claims against Defendants until such time as Defendants complete payment of the full Settlement Amount.

　　　　　a.  In the event the Court declines to stay ICON's claims against Defendants, however, the Parties stipulate to a dismissal without prejudice until such time as Defendants complete payment of the full Settlement Amount, and the Parties will cooperate to file such written documents as the Court requires to memorialize the Agreement.

　　　　　b.  Upon Defendants completing payment of the entire Settlement Amount plus applicable interest, the Parties agree that dismissal of the claims alleged by ICON and Atella in the Lawsuit shall be considered dismissed with prejudice.

　　　　　c.  To the extent the Court requires the Parties file additional documents to memorialize the dismissal, Counsel for ICON shall file a Notice of Voluntary Dismissal With Prejudice of all claims in the Lawsuit against Defendants within thirty (30) days of Defendants completing payment of the entire Settlement Amount plus applicable interest.

5.    **Release of All Claims of Parties**:  The Parties represent and warrant that they have no other claims, rights, demands, damages, and/or causes of action, whether for person or property damage or otherwise, arising out of or relating to any relationship between the Parties.

6.    **Non-Assignment of Claims**:    The Parties state that they have not assigned, transferred, granted, or purported to assign, transfer or grant any of the claims, demands, damages, and/or causes of action disposed of by this agreement.

7.    **Authority to Execute**:  The individuals executing this Agreement on behalf of one or more Parties hereto hereby represent and warrant that they are empowered and duly authorized to execute this Agreement on behalf such party or Parties to bind the party or Parties for whom they have signed.

8.    **Successor and Third Parties**:  Each covenant set forth in this Agreement shall inure to the benefit of and be binding upon each of the Parties and their respective heirs, issue,

successors, assignees, insurers, parents, subsidiaries, shareholders, owners, officers, directors, assigns, attorneys, agents, employees, employers and representatives (past and present).

**9.    Voluntary Agreement**:    The Parties represent that they are entering into this Agreement freely and voluntarily, that they had the opportunity to be represented and advised by legal counsel of their choosing, that they have been advised of the terms and obligations contained in this Agreement. The Parties further represent that they have investigated the facts arising from the Lawsuit and are not relying upon any representation or acknowledgment, whether oral or in writing, of any other party except as contained in the Agreement.

**10.    Entire Agreement**:  Except as otherwise set forth herein, this Agreement embodies the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings relating to this subject matter.  No course of prior dealing between the parties, no usage of the trade, and no parol or extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any terms unless expressly contemplated by the Agreement. Incorporation of the Mediation Settlement Agreement is expressly contemplated by this Agreement. Each Party represents and warrants that they are not relying on any other party for tax or bankruptcy advice.

**11.    Modification Only in Writing**:  Neither this Agreement nor any provisions hereof may be changed, waived, discharged, or terminated, except by a subsequently executed instrument in writing signed by the Party against whom enforcement of the change, waiver discharge or termination is sought.

**12.    Joint Draftsmanship**: This Agreement is a product of negotiation and contribution by both Parties.  Therefore, the Parties acknowledge and agree that this Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.  Any rules of construction of contracts resolving ambiguities against the drafting party shall be inapplicable to this Agreement.

**13.    Counterparts**:  The terms of this Agreement are contractual and not merely recital. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original.  Facsimile copies of the Agreement and the signatures hereto may be used with the same force and effect as the original.  This Agreement shall be deemed fully executed and effective when all of the Parties have executed at least one counterpart, even though no single counterpart bears all such signatures.

**14.    No Waiver**:  No failure to exercise and no delay in exercising any right, power, or remedy hereunder shall be construed as a waiver of any provision of this Agreement.  Any waiver, permit, consent, or approval by any party of any breach or default hereunder must be in writing and shall be limited accordingly.

**15.    Non-Exclusive Remedies:** In the event of a breach of any provision of this Agreement, the Parties are entitled to the remedies expressly provided in this Agreement as well as any other remedies that exist at law or equity to enforce this Agreement.

**16.      Confidentiality**:  The Parties acknowledge and agree to keep the terms relating to Payment of the Settlement Amount and the Settlement Amount confidential. Except as specifically excluded herein, any future disclosure by the Parties regarding the Settlement Amount is prohibited, and it is specifically understood that no release of information by the Parties shall be made, published, disclosed, reported, or discussed, in the general or the specific. This confidentiality provision and agreement not to disclose shall apply in all circumstances, except as may be required by: (i) a law or regulation; (ii) a judicial order; (iii) Clinical Study reporting obligations ICON may have to Bavarian Nordic A/S; and (iv) and Event of Default or pursuant to an evidentiary rule should either of the Parties elect to use the Agreement as a defense to any claim that one may have against the other arising out of a breach hereunder. The Agreement shall remain in full force and effect, notwithstanding any breach of confidentiality.

**17.      No Admission of Liability**:  This Agreement shall not operate as an admission of liability, responsibility or wrongdoing by any Party, including but not limited to factual or legal statements set forth in the preamble or elsewhere in this Agreement.  Moreover, any action taken in furtherance of this Agreement shall not be offered or received in evidence in any action or proceeding, other than to enforce this Agreement or as may be ordered by the Court.

**18.      Costs and Expenses**:  All costs and expenses incurred by a Party or his counsel during the course of the Lawsuit shall be the sole responsibility of that Party.

**19.      Construction/Severability**:  This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely any claims and disputes between them.  If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement.  In no event shall such provision affect, impair or invalidate any other provision.

**20.      Governing Law**:  This Agreement shall be construed in accordance with and governed by the laws of the State of California, regardless of where executed or performed.  If any provision of this Agreement is determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in the Agreement.

**21.      Effective Date of the Agreement**:  The effective date of this Agreement shall be the date on which the last Party executes and acknowledges this Agreement.

IN WITNESS WHEREOF, the Parties, intending to be legally bound hereby, have signed this Confidential Settlement and Release Agreement.

**SIGNATURES ON NEXT PAGES**

**PLAINTIFF'S SIGNATURE**

AGREED TO THIS 31st DAY OF MAY _____ 2024.

*Jennifer Basle Everitt*

Plaintiff ICON Clinical Research LLC
By: Jennifer Everitt, Esq.
Its: VP & Associate General Counsel, Litigation & Employment

**Approved By:**

*Leigh Anne Hodge*

Leigh Anne Hodge, Esq.
*Counsel for Plaintiff*

## DEFENDANTS' SIGNATURES

AGREED TO THIS ___31.00___ DAY OF ___May___ 2024.

_Rene Uong_
Defendant Atella Clinical Research LLC
By: __Rene Uong__
Its: __CEO__


AGREED TO THIS ___31.00___ DAY OF ___May___ 2024.

_Rene Uong_
Defendant Trio Clinical Trials LLC d/b/a Trio Clinical Research Networks
By: __Rene Uong__
Its: __Managing Member__


AGREED TO THIS ___31.00___ DAY OF ___May___ 2024.

_Rene Uong_
Rene P. Uong


AGREED TO THIS ___6.00___ DAY OF ___June___ 2024.

_Rafaelito Victoria_
Rafaelito S. Victoria


AGREED TO THIS ___5.00___ DAY OF ___June___ 2024.

_Indira Mohabir_
Indira R. Mohabir


**Approved By:**

_[signature]_
Skye Resendes, Esq.
*Counsel for Defendants*

DocuSign Envelope ID: 9267A5A5-779B-4182-BEZ3-D17A049C0D2A

# EXHIBIT

# A

1  Leigh Anne Hodge (CA Bar 313736)
   lhodge@bradley.com
2  Bradley Arant Boult Cummings LLP
   One Federal Place
3  1819 5th Avenue N
   Birmingham, AL 35203
4  P: 205.521.8092
   F: 205.488.6092
5
   *Attorneys for Plaintiff*
6  *ICON Clinical Research LLC*

7  DANIEL WATKINS, ESQ. [CSB No. 128849]
   SKYE RESENDES, ESQ. [CSB 278511]
8  sresendes@watkinsfirm.com
   THE WATKINS FIRM, APC
9  9915 Mira Mesa Boulevard, Suite 130
   San Diego, California 92131
10 (858) 535-1511 [Telephone]
   (858) 535-1581 [Facsimile]
11

12 *Attorneys for Defendants*
   *Atella Clinical Research LLC,*
13 *Trio Clinical Trials LLC, Rene*
   *Uong, Rafaelito Victoria, and*
14 *Indira Mohabir*
15

16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**
18                   **SOUTHERN DIVISION**

19 ICON CLINICAL RESEARCH LLC,        Case No. 8:23-cv-01838-FWS-JDE
20             Plaintiff,
21         v.
22                                     **CONSENT JUDGMENT**
23 ATELLA CLINICAL RESEARCH
24 LLC; TRIO CLINICAL TRIALS LLC;
   RENE UONG; RAFAELITO
25 VICTORIA; and INDIRA MOHABIR,
26
27             Defendants.
28

1        Plaintiff Icon Clinical Research LLC, and Defendants Atella Clinical

2 Research LLC, Defendant Trio Clinical Trials LLC, Defendant Rene Uong,

3 Defendant Rafaelito Victoria, and Defendant Indira Mohabir (collectively, the

4 "Parties") hereby consent to entry of this judgment based on the following

5 uncontested allegations:

6        1.     This Court has subject matter jurisdiction over this action pursuant to

7 28 U.S.C. § 1332.

8        2.     This Court has personal jurisdiction over the Parties hereto for purposes

9 of the above-captioned matter.

10        3.     On _____, the Parties entered into a Settlement

11 Agreement for purposes of resolving the above-captioned case. A copy of the

12 Settlement Agreement is attached hereto as **Exhibit 1**.

13        4.     Under the terms of the Settlement Agreement, the Defendants agreed

14 to pay Plaintiff a total of one million, one hundred and fifty thousand dollars

15 (($1,150,000.00) plus interest (the entire amount of which is the "Settlement

16 Amount") in installment payments as set forth in the Settlement Agreement.

17        5.     Under the terms of the Settlement Agreement, the Defendants agreed

18 that in the event that they defaulted and failed to pay any one of the Settlement

19 Amount Payments as set forth in the Settlement Agreement on or before the day any

20 one is due, and further failed to cure such default within five (5) business days,

21 Plaintiff may file a Consent Judgment against the Defendants in the amount of

22 $1,150,000.00 plus the interest accruing pursuant to the Settlement Agreement,

23 minus payments already made under the Settlement Agreement.

24        6.     Defendants failed to make the Settlement Amount Payment or

25 Payments set forth in the Settlement Agreement on Paragraph(s) _____, and

26 therefore, Defendants are in default under the terms of the Settlement Agreement.

27        7.     Accordingly, this Court enters judgment for Plaintiff against

28 Defendants in the amount of $1,150,000.00, less any amounts previously paid by

Defendants, plus interest having accrued to date pursuant to the Settlement Agreement, _____, plus interest in the rate of ten percent (10%) per annum pursuant to Cal. Civ. Proc. Code § 685.010, compounded daily from the date hereof until this Consent Judgment is satisfied, for which let execution issue forthwith.

IT IS SO STIPULATED, through Counsel of Record.

**SO ORDERED** this day of _____, 2024.

_____

UNITED STATES DISTRICT JUDGE

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

Leigh Anne Hodge (CA Bar 313736)
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
P: 205.521.8092
F: 205.488.6092
lhodge@bradley.com

*Attorneys for Plaintiff ICON Clinical*
*Research LLC*

DANIEL WATKINS, ESQ. [CSB No. 128849]
SKYE RESENDES, ESQ. [CSB 278511]
sresendes@watkinsfirm.com
THE WATKINS FIRM, APC
9915 Mira Mesa Boulevard, Suite 130
San Diego, California 92131
(858) 535-1511 [Telephone]
(858) 535-1581 [Facsimile]

*Attorneys for Atella Clinical Research LLC,*
*Trio Clinical Trials LLC, Rene Uong,*
*Rafaelito Victoria, and Indira Mohabir*

DocuSign Envelope ID: 9267A5A5-7798-4182-B5F3-D17A049C0D2A

# EXHIBIT

# B

**EXHIBIT B**

### AMORTIZATION SCHEDULE - Normal Amortization[1]

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 1 | 06/28/2024 | 350,000.00 | 0.00 | 350,000 | 800,000.00 |
| 2 | 07/28/2024 | 75,000.00 | 5,000.00 | 70,000.00 | 730,000.00 |
| 3 | 08/28/2024 | 60,716.35 | 4,562.50 | 56,153.85 | 673,846.15 |
| 4 | 09/28/2024 | 60,365.39 | 4,211.54 | 56,153.85 | 617,692.30 |
| 5 | 10/28/2024 | 60,014.43 | 3,860.58 | 56,153.85 | 561,538.45 |
| 6 | 11/28/2024 | 59,663.47 | 3,509.62 | 56,153.85 | 505,384.60 |
| 7 | 12/28/2024 | 59,312.50 | 3,158.65 | 56,153.85 | 449,230.75 |
| 8 | 01/28/2025 | 58,961.54 | 2,807.69 | 56,153.85 | 393,076.90 |
| 9 | 02/28/2025 | 58,610.58 | 2,456.73 | 56,153.85 | 336,923.05 |
| 10 | 03/28/2025 | 58,259.62 | 2,105.77 | 56,153.85 | 280,769.20 |
| 11 | 04/28/2025 | 57,908.66 | 1,754.81 | 56,153.85 | 224,615.35 |
| 12 | 05/28/2025 | 57,557.70 | 1,403.85 | 56,153.85 | 168,461.50 |
| 13 | 06/28/2025 | 57,206.73 | 1,052.88 | 56,153.85 | 112,307.65 |
| 14 | 07/28/2025 | 56,855.77 | 701.92 | 56,153.85 | 56,153.80 |
| 15 | 08/28/2025 | 56,504.81 | 351.01 | 56,153.80 | 0.00 |
| **Grand Totals** | | **1,186,937.55** | **36,937.55** | **1,150,000** | |

---

[1] The amounts referenced here are merely estimates, based on the assumption that payments will be made on their due date. The amount of interest owing, as well as any late fees, may vary depending on the date payment is made.

# EXHIBIT
# 2

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This confidential Settlement Agreement and Release (the "Agreement") is entered into by and between ICON Clinical Research LLC ("ICON") and Atella Clinical Research LLC ("Atella"), Trio Clinical Trials LLC d/b/a Trio Clinical Research Networks ("Trio"), Rene E. Uong ("Uong"), Rafaelito S. Victoria ("Victoria"), and Indira R. Mohabir ("Mohabir;" together with Atella, Trio, Uong, Victoria, "Defendants"). Defendants and ICON are collectively referred to herein as "the Parties."

## WITNESSETH

WHEREAS, on or about May 25, 2022, ICON entered into a Clinical Trial Agreement with Atella, by and through Uong, and Victoria, as Atella's Principal Investigator, for Atella to serve as one of the clinical trial sites for a respiratory syncytial virus ("RSV") clinical study sponsored by Bavarian Nordic A/S (the "Clinical Study").

WHEREAS, on September 29, 2023, ICON filed suit as case number 8:23-cv-01838 in the United States District Court for the Central District of California against Atella, Trio, Uong, Victoria, and Mohabir relating to the Clinical Study (the "Lawsuit").

WHEREAS, ICON filed a First Amended Complaint on November 2, 2023, and Atella filed a First Counterclaim on or about January 19, 2024.

WHEREAS, the Parties desire in good faith to fully and finally resolve all differences between them which have arisen, or may arise, including but not limited to any claims arising out of the Lawsuit.

WHEREAS, on May 15, 2024, the Parties mediated the Lawsuit and reached a binding and enforceable Mediation Settlement Agreement, which they incorporate here by reference.

THEREFORE, in consideration of the mutual covenants and other consideration recited in this Agreement, the Parties hereby covenant and agree as follows:

## 1.    Payment of the Settlement Amount:

As a compromise settlement the Undersigned Defendants agree to pay the Plaintiff the total sum of **One Million, One Hundred and Fifty Thousand Dollars ($1,150,000.00)**, plus applicable interest as set forth below (the entire amount of which is the "Settlement Amount"). Defendants shall make **fifteen** payments, which combined total the Settlement Amount of (each a "Settlement Amount Payment" and collectively, the "Settlement Amount Payments"), plus interest at a rate of 7.5% per annum from June 28, 2024, as set forth below by electronic funds transfer pursuant to written instructions to be provided by Plaintiff.

> a. Full payment of the Settlement Amount will occur no later than **August 28, 2025**. Interest shall accrue at the rate of seven and a half (7.5) percent per annum on the unpaid amount of the Settlement Amount.

b. <u>First Payment</u>:  Defendants shall make a payment of **Three Hundred and Fifty Thousand Dollars ($350,000.00)** no later than June 28, 2024.

c. <u>Second Payment</u>:  Defendants shall then make a payment of **Seventy Thousand Dollars ($70,000.00) plus interest,** no later than July 28, 2024.

d. <u>Third Through Fifteenth Payment</u>: Defendants shall then make equal payments on the 28th of each month thereafter the Second Payment of **Fifty-Six Thousand and One Hundred and Fifty-Three Dollars and eighty-five cents ($56,153.85) plus interest**, with the Fifteenth and Final Payment due no later than August 28, 2025.

e. <u>Early Payment</u>: If Defendants pay the full Settlement Amount on or before December 15, 2024, Plaintiff will reimburse Defendants for data storage costs related to the Clinical Study at the amount of $400 per month from January 2025 through July 2025.  There shall be no prepayment penalty and Defendants have the right to accelerate payments at any time without accruing further interest.

f. A Schedule of Estimated Payments with interest calculated based on payments being made on their due date is attached hereto as **Exhibit B**.

2. **Event of Default:** If Defendants fail to pay any Settlement Amount Payment on or before the date on which such Settlement Amount Payment is due, Defendants shall be in default of their payment obligations ("Payment Default") with respect to the particular Settlement Amount Payment(s) then owed.  Defendants shall have one (1) business day from the due date of the payment to notify Defendants' counsel and then another four (4) business days for Defendants to cure the Payment Default.  If Defendants fail to cure such Payment Default within this time period, there shall be an event of default ("Event of Default").

a. In the Event of Default, Defendants shall immediately pay to Plaintiff, and shall not contest, a surcharge of ten percent (10%) of the amount of the specific defaulted Settlement Amount payment then owed.

b. If an Event of Default occurs, Plaintiff shall also have the right to demand immediate payment of the full, cumulative Settlement Amount still owed, and interest shall accrue at the rate of seven and a half (7.5%) per annum compounded daily from the Payment Default date on the unpaid amounts of the specific Settlement Payment Amount(s) (principal and interest) in Default, until the date of payment in full of the amount.

c. Upon an Event of Default, Plaintiff may pursue any and all actions to enforce its rights as it may choose, including, without limitation, entry of the Consent Judgment attached as **Exhibit A**, or continuation or re-filing of the Lawsuit giving rise to this mediation for the full $3,439,821.00 demanded therein.

d. Defendants agree to and will not dispute the retention of jurisdiction by the United States District Court for the Central District of California relating to any claims

arising under the Mediation Settlement Agreement and/or this Settlement Agreement.

**3.** **Release of Claims:** In consideration of Defendants completing Payment of the Settlement Amount, in addition to the other provisions of this Agreement and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree to the following Mutual Releases:

a. ICON Release of Defendants. ICON and its respective officers, directors, employees and agents, for themselves and their successors and assigns, hereby release, acquit and forever discharge Defendants and their successors, predecessors, assigns, officers, insurers, shareholders, directors, employees, heirs, spouses, estate managers, executors, and agents from all claims, liabilities, demands, damages, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, fixed or contingent, that were raised or could have been raised in or in connection with, or arose out of, the Clinical Study, with the exception of the right to enforce this Agreement ("**Defendants' Released Claims**"; collectively with ICON's Released Claims, "**Released Claims**")

b. Defendants' Release of ICON. Defendants and their respective officers, directors, employees and agents, for themselves and their successors and assigns, hereby release, acquit and forever discharge ICON, any parent, subsidiary, affiliate, successor, predecessor, or otherwise related companies, and their respective officers, directors, employees and agents, for themselves and their successors and assigns,  from all claims, liabilities, demands, damages, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, fixed or contingent, that were raised or could have been raised in or in connection with, or arose out of, the Clinical Study, with the exception of the right to enforce this Agreement ("**Defendants' Released Claims**"; collectively with ICON's Released Claims, "**Released Claims**")

c. Acknowledgement. The Parties acknowledge that they are familiar with California Civil Code Section 1542 and that they hereby expressly waive the protection of that section, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

The Parties waive and relinquish any right or benefit which they have or may have under California Civil Code Section 1542, and any similar law of any state or territory of the United States. That is, the Parties may not invoke the benefits of California Civil Code Section 1542, or any such similar law, in order to prosecute any claims released hereunder.  In connection with such waiver and agreement, the Parties acknowledge that they are aware that they or their attorney may hereafter discover claims or facts or legal theories in addition to or different from those which they

know or believe to exist with respect to the subject litigation, but that it is the intention hereby to fully, finally and forever settle and release all of the claims, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed between the Parties by reason of any acts, circumstances, facts, events or transactions occurring before the date of this Agreement. In furtherance of such intention, the releases herein given shall be and remain in effect as a full and complete general release, notwithstanding the discovery or existence of any such additional claims, facts, or legal theories.

     **4.**    **Dismissal**: Within twenty (20) business days of this Agreement, Atella will file a dismissal with prejudice of its Counterclaim against ICON, and the Parties will jointly move the Court to stay ICON's claims against Defendants until such time as Defendants complete payment of the full Settlement Amount.

         a.  In the event the Court declines to stay ICON's claims against Defendants, however, the Parties stipulate to a dismissal without prejudice until such time as Defendants complete payment of the full Settlement Amount, and the Parties will cooperate to file such written documents as the Court requires to memorialize the Agreement.

         b.  Upon Defendants completing payment of the entire Settlement Amount plus applicable interest, the Parties agree that dismissal of the claims alleged by ICON and Atella in the Lawsuit shall be considered dismissed with prejudice.

         c.  To the extent the Court requires the Parties file additional documents to memorialize the dismissal, Counsel for ICON shall file a Notice of Voluntary Dismissal With Prejudice of all claims in the Lawsuit against Defendants within thirty (30) days of Defendants completing payment of the entire Settlement Amount plus applicable interest.

     **5.**    **Release of All Claims of Parties**: The Parties represent and warrant that they have no other claims, rights, demands, damages, and/or causes of action, whether for person or property damage or otherwise, arising out of or relating to any relationship between the Parties.

     **6.**    **Non-Assignment of Claims**:  The Parties state that they have not assigned, transferred, granted, or purported to assign, transfer or grant any of the claims, demands, damages, and/or causes of action disposed of by this agreement.

     **7.**    **Authority to Execute**: The individuals executing this Agreement on behalf of one or more Parties hereto hereby represent and warrant that they are empowered and duly authorized to execute this Agreement on behalf such party or Parties to bind the party or Parties for whom they have signed.

     **8.**    **Successor and Third Parties**: Each covenant set forth in this Agreement shall inure to the benefit of and be binding upon each of the Parties and their respective heirs, issue,

successors, assignees, insurers, parents, subsidiaries, shareholders, owners, officers, directors, assigns, attorneys, agents, employees, employers and representatives (past and present).

**9.** **Voluntary Agreement**: The Parties represent that they are entering into this Agreement freely and voluntarily, that they had the opportunity to be represented and advised by legal counsel of their choosing, that they have been advised of the terms and obligations contained in this Agreement. The Parties further represent that they have investigated the facts arising from the Lawsuit and are not relying upon any representation or acknowledgment, whether oral or in writing, of any other party except as contained in the Agreement.

**10.** **Entire Agreement**: Except as otherwise set forth herein, this Agreement embodies the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings relating to this subject matter. No course of prior dealing between the parties, no usage of the trade, and no parol or extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any terms unless expressly contemplated by the Agreement. Incorporation of the Mediation Settlement Agreement is expressly contemplated by this Agreement. Each Party represents and warrants that they are not relying on any other party for tax or bankruptcy advice.

**11.** **Modification Only in Writing**: Neither this Agreement nor any provisions hereof may be changed, waived, discharged, or terminated, except by a subsequently executed instrument in writing signed by the Party against whom enforcement of the change, waiver discharge or termination is sought.

**12.** **Joint Draftsmanship**: This Agreement is a product of negotiation and contribution by both Parties. Therefore, the Parties acknowledge and agree that this Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly. Any rules of construction of contracts resolving ambiguities against the drafting party shall be inapplicable to this Agreement.

**13.** **Counterparts**: The terms of this Agreement are contractual and not merely recital. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original. Facsimile copies of the Agreement and the signatures hereto may be used with the same force and effect as the original. This Agreement shall be deemed fully executed and effective when all of the Parties have executed at least one counterpart, even though no single counterpart bears all such signatures.

**14.** **No Waiver**: No failure to exercise and no delay in exercising any right, power, or remedy hereunder shall be construed as a waiver of any provision of this Agreement. Any waiver, permit, consent, or approval by any party of any breach or default hereunder must be in writing and shall be limited accordingly.

**15.** **Non-Exclusive Remedies**: In the event of a breach of any provision of this Agreement, the Parties are entitled to the remedies expressly provided in this Agreement as well as any other remedies that exist at law or equity to enforce this Agreement.

**16.**   **Confidentiality**:  The Parties acknowledge and agree to keep the terms relating to Payment of the Settlement Amount and the Settlement Amount confidential. Except as specifically excluded herein, any future disclosure by the Parties regarding the Settlement Amount is prohibited, and it is specifically understood that no release of information by the Parties shall be made, published, disclosed, reported, or discussed, in the general or the specific. This confidentiality provision and agreement not to disclose shall apply in all circumstances, except as may be required by: (i) a law or regulation; (ii) a judicial order; (iii) Clinical Study reporting obligations ICON may have to Bavarian Nordic A/S; and (iv) and Event of Default or pursuant to an evidentiary rule should either of the Parties elect to use the Agreement as a defense to any claim that one may have against the other arising out of a breach hereunder. The Agreement shall remain in full force and effect, notwithstanding any breach of confidentiality.

**17.**   **No Admission of Liability**:  This Agreement shall not operate as an admission of liability, responsibility or wrongdoing by any Party, including but not limited to factual or legal statements set forth in the preamble or elsewhere in this Agreement. Moreover, any action taken in furtherance of this Agreement shall not be offered or received in evidence in any action or proceeding, other than to enforce this Agreement or as may be ordered by the Court.

**18.**   **Costs and Expenses**:  All costs and expenses incurred by a Party or his counsel during the course of the Lawsuit shall be the sole responsibility of that Party.

**19.**   **Construction/Severability**:  This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely any claims and disputes between them.  If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement.  In no event shall such provision affect, impair or invalidate any other provision.

**20.**   **Governing Law**:  This Agreement shall be construed in accordance with and governed by the laws of the State of California, regardless of where executed or performed.  If any provision of this Agreement is determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in the Agreement.

**21.**   **Effective Date of the Agreement**:  The effective date of this Agreement shall be the date on which the last Party executes and acknowledges this Agreement.

IN WITNESS WHEREOF, the Parties, intending to be legally bound hereby, have signed this Confidential Settlement and Release Agreement.

**SIGNATURES ON NEXT PAGES**

**PLAINTIFF'S SIGNATURE**

AGREED TO THIS 31st DAY OF MAY _____ 2024.

_Jennifer Barle Everitt_

Plaintiff ICON Clinical Research LLC
By: Jennifer Everitt, Esq.
Its: VP & Associate General Counsel, Litigation & Employment


**Approved By:**

_Leigh Anne Hodge_

Leigh Anne Hodge, Esq.
*Counsel for Plaintiff*

## DEFENDANTS' SIGNATURES

AGREED TO THIS 31.00 DAY OF May 2024.

*Rene Uong*
611D6680FE0C480...
Defendant Atella Clinical Research LLC
By: Rene Uong
Its: CEO

AGREED TO THIS 31.00 DAY OF May 2024.

*Rene Uong*
611D6680FE0C480...
Defendant Trio Clinical Trials LLC d/b/a Trio Clinical Research Networks
By: Rene Uong
Its: Managing Member

AGREED TO THIS 31.00 DAY OF May 2024.

*Rene Uong*
611D6680FE0C480...
Rene E. Uong

AGREED TO THIS 6.00 DAY OF June 2024.

*Rafaelito Victoria*
Rafaelito S. Victoria

AGREED TO THIS 5.00 DAY OF June 2024.

*Indira Mohabir*
Indira R. Mohabir

**Approved By:**

Skye Resendes, Esq.
*Counsel for Defendants*

# EXHIBIT
# A

Leigh Anne Hodge (CA Bar 313736)
lhodge@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
P: 205.521.8092
F: 205.488.6092

*Attorneys for Plaintiff*
*ICON Clinical Research LLC*

DANIEL WATKINS, ESQ. [CSB No. 128849]
SKYE RESENDES, ESQ. [CSB 278511]
sresendes@watkinsfirm.com
THE WATKINS FIRM, APC
9915 Mira Mesa Boulevard, Suite 130
San Diego, California 92131
(858) 535-1511 [Telephone]
(858) 535-1581 [Facsimile]

*Attorneys for Defendants*
*Atella Clinical Research LLC,*
*Trio Clinical Trials LLC, Rene*
*Uong, Rafaelito Victoria, and*
*Indira Mohabir*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ICON CLINICAL RESEARCH LLC, | Case No. 8:23-cv-01838-FWS-JDE |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT** |
| ATELLA CLINICAL RESEARCH LLC; TRIO CLINICAL TRIALS LLC; RENE UONG; RAFAELITO VICTORIA; and INDIRA MOHABIR, | |
| Defendants. | |

Plaintiff Icon Clinical Research LLC, and Defendants Atella Clinical Research LLC, Defendant Trio Clinical Trials LLC, Defendant Rene Uong, Defendant Rafaelito Victoria, and Defendant Indira Mohabir (collectively, the "Parties") hereby consent to entry of this judgment based on the following uncontested allegations:

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.     This Court has personal jurisdiction over the Parties hereto for purposes of the above-captioned matter.

3.     On _____, the Parties entered into a Settlement Agreement for purposes of resolving the above-captioned case. A copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

4.     Under the terms of the Settlement Agreement, the Defendants agreed to pay Plaintiff a total of one million, one hundred and fifty thousand dollars (($1,150,000.00) plus interest (the entire amount of which is the "Settlement Amount") in installment payments as set forth in the Settlement Agreement.

5.     Under the terms of the Settlement Agreement, the Defendants agreed that in the event that they defaulted and failed to pay any one of the Settlement Amount Payments as set forth in the Settlement Agreement on or before the day any one is due, and further failed to cure such default within five (5) business days, Plaintiff may file a Consent Judgment against the Defendants in the amount of $1,150,000.00 plus the interest accruing pursuant to the Settlement Agreement, minus payments already made under the Settlement Agreement.

6.     Defendants failed to make the Settlement Amount Payment or Payments set forth in the Settlement Agreement on Paragraph(s) _____, and therefore, Defendants are in default under the terms of the Settlement Agreement.

7.     Accordingly, this Court enters judgment for Plaintiff against Defendants in the amount of $1,150,000.00, less any amounts previously paid by

Defendants, plus interest having accrued to date pursuant to the Settlement Agreement, _____, plus interest in the rate of ten percent (10%) per annum pursuant to Cal. Civ. Proc. Code § 685.010, compounded daily from the date hereof until this Consent Judgment is satisfied, for which let execution issue forthwith.

IT IS SO STIPULATED, through Counsel of Record.

**SO ORDERED** this day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

_Leigh Anne Hodge (CA Bar 313736)_
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
P: 205.521.8092
F: 205.488.6092
lhodge@bradley.com

*Attorneys for Plaintiff ICON Clinical
Research LLC*

DANIEL WATKINS, ESQ. [CSB No. 128849]
SKYE RESENDES, ESQ. [CSB 278511]
sresendes@watkinsfirm.com
THE WATKINS FIRM, APC
9915 Mira Mesa Boulevard, Suite 130
San Diego, California 92131
(858) 535-1511 [Telephone]
(858) 535-1581 [Facsimile]

*Attorneys for Atella Clinical Research LLC,
Trio Clinical Trials LLC, Rene Uong,
Rafaelito Victoria, and Indira Mohabir*

# EXHIBIT
# B

**EXHIBIT B**

AMORTIZATION SCHEDULE - Normal Amortization[1]

|  | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 1 | 06/28/2024 | 350,000.00 | 0.00 | 350,000 | 800,000.00 |
| 2 | 07/28/2024 | 75,000.00 | 5,000.00 | 70,000.00 | 730,000.00 |
| 3 | 08/28/2024 | 60,716.35 | 4,562.50 | 56,153.85 | 673,846.15 |
| 4 | 09/28/2024 | 60,365.39 | 4,211.54 | 56,153.85 | 617,692.30 |
| 5 | 10/28/2024 | 60,014.43 | 3,860.58 | 56,153.85 | 561,538.45 |
| 6 | 11/28/2024 | 59,663.47 | 3,509.62 | 56,153.85 | 505,384.60 |
| 7 | 12/28/2024 | 59,312.50 | 3,158.65 | 56,153.85 | 449,230.75 |
| 8 | 01/28/2025 | 58,961.54 | 2,807.69 | 56,153.85 | 393,076.90 |
| 9 | 02/28/2025 | 58,610.58 | 2,456.73 | 56,153.85 | 336,923.05 |
| 10 | 03/28/2025 | 58,259.62 | 2,105.77 | 56,153.85 | 280,769.20 |
| 11 | 04/28/2025 | 57,908.66 | 1,754.81 | 56,153.85 | 224,615.35 |
| 12 | 05/28/2025 | 57,557.70 | 1,403.85 | 56,153.85 | 168,461.50 |
| 13 | 06/28/2025 | 57,206.73 | 1,052.88 | 56,153.85 | 112,307.65 |
| 14 | 07/28/2025 | 56,855.77 | 701.92 | 56,153.85 | 56,153.80 |
| 15 | 08/28/2025 | 56,504.81 | 351.01 | 56,153.80 | 0.00 |
| **Grand Totals** | | **1,186,937.55** | **36,937.55** | **1,150,000** | |

[1] The amounts referenced here are merely estimates, based on the assumption that payments will be made on their due date. The amount of interest owing, as well as any late fees, may vary depending on the date payment is made.